IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| GEARY BORDELON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-6026-CV-SJ-NKL |
| ) | Crim. No. 03-6019-CR-SJ-NKL-2 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Pending before the Court is Petitioner Geary Bordelon's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 3]. For the reasons discussed below, this motion will be denied.

On March 23, 2004, Bordelon pleaded guilty to conspiring to manufacture 50 grams or more of methamphetamine. During the change of plea proceeding, the Court informed Bordelon of the charge against him. When the Court asked Bordelon whether he understood the charge, Bordelon responded that he did. (Tr. 3.) Bordelon further testified that he was competent to decide how to plead to the charge, and that he understood that he had the right to plead not guilty to the charge. (Tr. 4.) The Court accepted Bordelon's plea of guilty, and Bordelon was subsequently sentenced to 96 months' imprisonment.

1

Bordelon now argues that he did not manufacture the methamphetamine. Specifically, Bordelon argues that at the time of his arrest, he had only three grams of methamphetamine on his person, and that the ingredients and manufacturing paraphernalia were found at his co-defendant's home.

Bordelon, however, admitted facts during the change of plea proceeding that contradict his newfound version of the facts. The Government stated at the hearing that, if the case had gone to trial, the evidence would show that Bordelon, along with three other persons, manufactured methamphetamine on three or four occasions at an operational methamphetamine lab. (Tr. 9.) When the Court asked Bordelon if that was correct, Bordelon confirmed that it was. (Tr. 9.)

Furthermore, Bordelon has waived his right to assert his first claim for relief. Prior to the change of plea proceeding, Bordelon had entered into a plea agreement with the Government. Pursuant to that agreement, Bordelon expressly waived the right "to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines." (Doc. 43, ¶ 9.) At the change of plea proceeding, Bordelon testified that he had read the entire plea agreement and that he understood every provision in it. (Tr. 6.) The Court concludes that Bordelon knowingly and voluntarily waived his right to raise his first claim for relief. Accordingly, habeas relief will not be granted as to that claim. *See United States v. Andis*, 333 F.3d 886, 890

(8th Cir. 2003), *cert. denied*, 540 U.S. 997 (2003) (waiver valid if made knowingly and voluntarily and if no miscarriage of justice would result in enforcing the waiver).

Bordelon also argues that his counsel was ineffective for failing to argue that Bordelon had only three grams of methamphetamine on his person at the time that he was arrested. Bordelon argues that his attorney should have challenged the lack of evidence implicating him in the activities of his co-defendant.

To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate "(1) that his attorney's performance was deficient and outside the range of reasonable professional assistance, and (2) that he was prejudiced by his counsel's deficient performance to the extent that there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003), *cert. denied,* 504 U.S. 1094 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 689, 694 (1984)). Bordelon has failed to make this showing. At his change of plea hearing, Bordelon confirmed that he was satisfied with the representation he had received from his attorney, and that he had received sufficient time to speak with him in determining how to plead. (Tr. 8.)

Since Bordelon understood the charges against him and had received plenty of time to speak with his attorney, he cannot now claim that his attorney was ineffective for failing to argue that Bordelon was not responsible for the methamphetamine found at Bordelon's co-defendant's home. If Bordelon's counsel were ineffective, Bordelon was in just as good a position to become aware of that ineffectiveness at the time he pleaded

guilty as he is today. Bordelon has provided no explanation as to why he realized the ineffectiveness of his attorney only in hindsight.

In addition, the Government has produced an affidavit of Bordelon's counsel stating that Bordelon's decision to plead guilty was "in large part due to the statements of the co-defendants and the significant amount of physical evidence tying him to the methamphetamine manufacturing which took place in early 2003." (Pace Affidavit [attached to Doc. 5], ¶ 5.) The Court concludes that Bordelon has not shown that his counsel was ineffective.

Accordingly, it is hereby

ORDERED that Bordelon's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 3] is DENIED.

Dated:  July 19, 2005  
Jefferson City, Missouri

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge